1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHADERICK INGRAM,

11            Plaintiff,                     No. CIV 09-1562 GEB KJM PS

12        vs.

13   ANDREW MILLER, et al.,

14            Defendants.                    <u>ORDER</u>

15   _____/

16        Defendant's motion to dismiss came on regularly for hearing July 22, 2009.

17   Plaintiff appeared in propria persona.  Marcos Kropf appeared for defendants.  Upon review of

18   the documents in support and opposition, upon hearing the arguments of counsel and plaintiff,

19   and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

20            Defendants move to dismiss for failure to state a claim.  Plaintiff alleges claims

21   under the First, Sixth and Fourteenth Amendments.  With respect to plaintiff's claims under the

22   First and Sixth Amendments, defendants are correct that plaintiff fails to state a claim.  The

23   conduct giving rise to the action herein was simply an encounter between the police and plaintiff

24   outside a private residence.  There was no interference with plaintiff's free speech rights and

25   there is no indication that plaintiff was arrested, prosecuted and denied counsel during those

26   proceedings.

With respect to plaintiff's claim related to excessive force, after liberally construing plaintiff's pro se pleadings as required, it is not clear that plaintiff cannot state a claim.  The excessive force claim is governed by the Fourth Amendment.  See Graham v. Connor, 490 U.S. 386, 395 (1989) (holding that a claim that a law enforcement official used excessive force in making an arrest, investigatory stop, or other "seizure" is judged under the Fourth Amendment's objective "reasonableness" standard); see also Davis v. City of Las Vegas, 478 F.3d 1048 (9th Cir. 2007).  Although plaintiff has not stated his claim in a very clear manner, it appears plaintiff may be able to allege that there was an investigatory stop and that during the stop, defendant Villegas knowingly used excessive force by applying unreasonable pressure to plaintiff's previously broken leg with the intent to cause plaintiff excruciating pain.  Leave to amend will therefore be granted.  Plaintiff is cautioned, however, that he is subject to Federal Rule of Civil Procedure 11 and must have a factual basis for any allegations made in the amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends.  See Federal Rule of Civil Procedure 8(a).  Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

/////

1         Plaintiff is advised that the Civil Rights Act under which this action was filed

2   provides as follows:

3                 Every person who, under color of [state law] . . . subjects, or
              causes to be subjected, any citizen of the United States . . . to the

4                 deprivation of any rights, privileges, or immunities secured by the
              Constitution . . . shall be liable to the party injured in an action at

5                 law, suit in equity, or other proper proceeding for redress.

6   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

7   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

8   Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

9   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

10  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

11  omits to perform an act which he is legally required to do that causes the deprivation of which

12  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

13        Moreover, supervisory personnel are generally not liable under § 1983 for the

14  actions of their employees under a theory of respondeat superior and, therefore, when a named

15  defendant holds a supervisorial position, the causal link between him and the claimed

16  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

17  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory

18  allegations concerning the involvement of official personnel in civil rights violations are not

19  sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

20        Plaintiff has filed a notice of setting settlement conference[1], and five motions

21  relating to judgment, all in the span of less than one month.  All of plaintiff's motions and

22  requests are premature.  The motions also do not comply with Local Rule 78-230 and Local Rule

23  56-260(a).  Moreover, the motions appear to be duplicative of motions plaintiff has filed in

24  another action.  See Ingram v. Social Security Administration, Case No. CIV S-09-1712 KJM PS

25  _____

26       [1] Settlement conferences are set by the court, not unilaterally by one of the parties to the
action.

1   (E. D. Cal.) (Docket Nos. 13, 14, 18, 19 & 21).  Such frivolous filing imposes an undue burden

2   on the court and opposing counsel.  Plaintiff shall therefore be limited in his future filings.

3          On June 23, 2009, prior to issuance of the order on defendants' motion to dismiss,

4   plaintiff filed an amended complaint, which defendants move to strike.  Because the court is

5   granting leave to amend, and by this order sets forth the parameters for filing an amended

6   complaint, the June 23, 2009 amended complaint will be stricken.

7          Accordingly, IT IS HEREBY ORDERED that:

8          1.  Defendants' motion to dismiss (docket no. 5) is granted with leave to amend.

9   In the amended complaint, plaintiff may only allege, if he can, a claim against defendant

10  Villegas under the Fourth Amendment for excessive force during an investigatory stop.  No other

11  claims are allowed.  Plaintiff is granted thirty days from the date of service of this order to file an

12  amended complaint that complies with the requirements of the Federal Rules of Civil Procedure,

13  and the Local Rules of Practice; the amended complaint must bear the docket number assigned

14  this case and must be labeled "Amended Complaint"; failure to file an amended complaint in

15  accordance with this order will result in a recommendation that this action be dismissed.

16         2.  Plaintiff's motions (docket nos. 13, 14, 15, 16, and 17) are denied without

17  prejudice.

18         3.  The multiplicity of plaintiff's filings are a burden on both the court and

19  defendants and impede the proper prosecution of this action.  Plaintiff's future filings shall

20  therefore be limited.  Plaintiff may only file the following documents:

21                 a.  Proofs of service regarding summons;

22                 b.  One opposition to any motion filed by defendants (and clearly titled as

23  such);

24                 c.  Only one motion pending at any time.  Such motion must be properly

25  noticed for hearing.  Plaintiff is limited to one memorandum of points and authorities in support

26  of the motion and one reply to any opposition;

1           d.  One set of objections to any findings and recommendations; and

2           e.  An amended complaint  conforming with this order.

3         Failure to comply with this order shall result in improperly filed documents being

4    stricken from the record and may result in a recommendation that this action be dismissed.

5         4.  Plaintiff's amended complaint, filed July 23, 2009, is stricken.

6    DATED:  August 25, 2009.

7    _____
     U.S. MAGISTRATE JUDGE
8
     006
9    ingram-villegas.oah

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26