IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHADERICK INGRAM,

    Plaintiff,                                    No. CIV 09-1562 GEB KJM PS

    vs.

ANDREW MILLER, et al.,

    Defendants.                           FINDINGS AND RECOMMENDATIONS

_____/

        Defendant's motion to dismiss came on regularly for hearing July 22, 2009. Plaintiff appeared in propria persona. Marcos Kropf appeared for defendants. Upon review of the documents in support and opposition, upon hearing the arguments of counsel and plaintiff, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        This matter was previously before the court on defendant's motion to dismiss. In ruling on the prior motion, this court found that plaintiff had failed to state a claim under the First and Sixth Amendments. See Order filed August 25, 2009 (docket no. 25). Plaintiff was granted leave to amend to state a claim for excessive force under the Fourth Amendment against defendant Villegas.

        Plaintiff's amended complaint, in violation of the court's order, contains virtually identical allegations as the complaint that was dismissed, except that defendant Miller is omitted

from the caption as a named defendant.  Defendants again move to dismiss for failure to state a claim.  With respect to plaintiff's claims under the First and Sixth Amendments, defendants are correct that plaintiff fails to state a claim.  The conduct giving rise to the action herein was simply an encounter between the police and plaintiff outside a private residence.  There was no interference with plaintiff's free speech rights and there is no indication that plaintiff was arrested and prosecuted and denied counsel during those proceedings.

        Plaintiff's excessive force claim is governed by the Fourth Amendment.  <u>See</u> <u>Graham v. Connor</u>, 490 U.S. 386, 395 (1989) (holding that a claim that a law enforcement official used excessive force in making an arrest, investigatory stop, or other "seizure" is judged under the Fourth Amendment's objective "reasonableness" standard); <u>see also</u> <u>Davis v. City of Las Vegas</u>, 478 F.3d 1048 (9th Cir. 2007).  Liberally construing plaintiff's pro se pleadings, the allegations of the amended complaint state a claim under 42 U.S.C. § 1983 for excessive force.  <u>See</u> Amended Complaint (docket no. 27) at 6:11-12, 7:26-8:5.  These allegations set forth the time and place of the incident and assert that defendant Villegas knowingly used excessive force by applying unreasonable pressure to plaintiff's previously broken leg with the intent to cause plaintiff excruciating pain.  The action therefore should proceed solely on this claim.

        Plaintiff also has named as a defendant the Sacramento Police Department.  There is no proof of timely service of summons, as required under Federal Rule of Procedure 4(m).  Moreover, none of the complaints filed by plaintiff have alleged that a custom or any official policy of this defendant gave rise to the alleged constitutional deprivation.  <u>See</u> <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978).  Defendant Sacramento Police Department therefore should be dismissed.

        Accordingly, IT IS HEREBY RECOMMENDED that:

    1.  Defendants' motion to dismiss (docket no. 29) be granted except for the claim against defendant Villegas under the Fourth Amendment for excessive force during an investigatory stop; and

1                2. Defendant Sacramento Police Department and Miller be dismissed.

2           These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 20, 2009.

_____
U.S. MAGISTRATE JUDGE

006
ingram-villegas.f&r